UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SERGIO PULIDO VASQUEZ | ) | Case No.: 1:13-cv-00548 LJO JLT (HC) |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) | |
| MICHAEL L. BENOV, | ) ) | (Doc. 1) |
| Respondent. | ) ) | |

Petitioner Sergio Vasquez is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Seemingly[1], Petitioner challenges the results of two prison disciplinary hearings at which he was found to have been in breach of prison policies. (Doc. 1 at 13) As a result of the disciplinary actions, Petitioner was assessed a loss of good time credits and suffered other discipline. Id. at 8.

In his petition, Petitioner argues that because the hearing officer was not an employee of the Bureau of Prisons and was, instead, an employee of the private prison, the discipline was improperly imposed. (Doc. 1) Respondent argues that Petitioner failed to exhaust his administrative remedies and, therefore, the petition should be denied. (Doc. 14 at 4-7) For the reasons set forth below, the

---

[1] Petitioner seeks restoration of 67 days of good time credit—which the Court calculates as the total amount of the lost credits imposed after two different discipline proceedings—though he attaches only documents related to one disciplinary action. (Doc. 1 at 13)

1

Court recommends the Petition for Writ of Habeas Corpus be **DENIED**.

I. **Factual Background**

Petitioner is housed at Taft Correctional Institution, a government-owned but privately-run prison contracted with the Bureau of Prisons. (Doc. 1 at 3) On February 27, 2008, prison officials found a cell phone in the cubicle of an inmate. (Doc. 14-1 at 21) After subpoenaing the telephone company records related to the number assigned to the phone, prison investigators identified four telephone numbers that were found only on Petitioner's approved call list. Id. The numbers were associated with friends of Petitioner, his cousin and his wife. Id. at 25. During the investigation, Petitioner admitted that he used the cell phone. Id. at 21-22. Thus, the investigator determined Petitioner had been in possession of the cell phone and used it to call the four telephone numbers. Id. at 21.

On April 24, 2008, DHO Logan heard the disciplinary complaint against Petitioner. (Doc. 14-1 at 24-26) Logan considered the evidence set forth above, among other evidence, and Petitioner's statement at the hearing that he did not use the cell phone. Id. at 25. Based upon this evidence, Logan determined that the charge was true and that Petitioner should be sanctioned with 40 days disallowance of good conduct credit and 30 days of disciplinary segregation. Id. at 26. In the statement of decision which also set forth the intended discipline, Petitioner was advised of his right to appeal the determination within 20 days. Id. On May 7, 2008, Logan's recommended sanction was adopted by the BOP's DHO. (Doc. 14-1 at 4, 40)

Petitioner appealed the determination on May 26, 2008 but did not complain about the authority of Logan to act as the DHO. (Doc. 14-1 at 44-45) Instead, Petitioner challenged the merits of the charge. Id. On June 12, 2008, the appeal was denied. (Doc. 14-1 at 46) In the written denial, Petitioner was advised of his right to appeal the determination within 30 days. Id. Petitioner did not do so at that time. Id. Instead, on April 3, 2013—nearly five years later—Petitioner submitted an appeal to the National Inmate Appeals Administrator related to this discipline. (Doc. 1 at 10) It was rejected as untimely. Id.

On November 21, 2009, a prison official reported that Petitioner requested she bring an aloe vera plant leaf to the prison so he could give it to an ailing inmate-friend to use as medicine. (Doc. 14-

1 at 28) As a result, Petitioner was charged with a disciplinary infraction which prohibits inmates seeking favors from correctional staff. Id. Initially, Petitioner denied asking for the plant and then reported he asked for it but only because he had been sick. Id. at 28-29. The investigator determined Petitioner had requested the plant leaf. Id. at 29.

On November 22, 2009, DHO Logan heard the disciplinary complaint against Petitioner. (Doc. 14-1 at 31-33) Logan considered the investigatory report and Petitioner's current statement that he did not request the correctional officer to bring the plant leaf to the prison. Id. at 32. At the conclusion of the hearing, Logan found the charge to be true and recommended 27 days disallowance of good conduct credit and 27 days of disciplinary segregation. Id. In the statement of decision which also set forth the intended discipline, Petitioner was advised of his right to appeal the determination within 20 days. Id. On January 14, 2010, Logan's recommended sanction was adopted by the BOP's DHO. (Doc. 14-1 at 4, 42)

On February 2, 2010, Petitioner appealed the decision to impose the discipline. (Doc. 14-1 at 48-49) Petitioner did not challenge the authority of the DHO to conduct the hearing, though he raised due process grounds related to the vague statements in the charging document and its lack of completeness. Id. On February 18, 2010, the appeal was denied. (Doc. 14-1 at 50) In the written denial, Petitioner was advised of his right to appeal the determination within 30 days. Id. On March 23, 2010, Petitioner submitted an appeal to the National Inmate Appeals Administrator. (Doc. 14-1 at 52-53) Once again, Petitioner challenged the outcome of the previous determination but did not claim the DHO lacked the authority to conduct the hearing. Id. Petitioner's appeal was denied on August 30, 2010. (Id. at 54)

## II.  Jurisdiction

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution based upon the outcome of a prison disciplinary proceeding. If a constitutional violation has resulted in the loss of credits, it affects the duration of a sentence and may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876–78 (9th Cir. 1990).

Thus, this Court has subject matter jurisdiction. Moreover, at the time the petition was filed Petitioner was in custody at the Taft Correctional Institute, located in Taft, California, which is located within the jurisdiction of this Court. Therefore, this Court is the proper venue. See 28 U.S.C. § 2241(d).

### III.  Standard of Review

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir.1996) (quoting Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir.1991)). Though not afforded the full panoply of rights, due process requires the prisoner receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Indeed, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Hill, 472 U.S. at 455 (citations omitted). The Constitution does not require that the evidence presented preclude any conclusion other than that reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision. Id. at 457.

### III.  Analysis

#### A.  Petitioner failed to exhaust his administrative remedies

Petitioner concedes he has not exhausted his administrative remedies (Doc. 1 at 3) and Respondent asserts exhaustion as a basis for dismissal of the petition. (Doc. 14 at 4-7)

Federal prisoners must exhaust their administrative remedies before bringing a habeas petition pursuant to section 2241. Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir.2004); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986). Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed . . . remedy has been exhausted." Laing, 370 F.3d at 998 (quoting McKart v. United States, 395 U.S. 185, 193 (1969)). "Exhaustion promotes judicial efficiency by producing a useful record for subsequent judicial consideration and the agency

has the opportunity to correct its own errors which may moot any issue for judicial consideration." Danesh v. Jenifer, 2001 WL 558233 (E.D. Mich. Mar. 27, 2001). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990). Exhaustion is not required if pursuing those remedies would be futile. Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991). Nevertheless, courts are not to disregard exhaustion requirements lightly. Murillo v. Mathews, 588 F.2d 759, 762 (9th Cir. 1978).

To exhaust their administrative remedies, prisoners must appeal to the Correctional Programs Division, to the Privatization Management Branch and then to the National Inmate Appeals Administrator. (Doc. 14-1 at 4-5) Failing to appeal to each level will result in an unexhausted claim. Id.

Petitioner asserts that exhaustion would have been futile. In making this argument, he fails to provide any factual support for this conclusion and he does not offer any argument to explain why he feels exhaustion would have been futile. Instead, he cites merely to Arredondo-Virula v. Adler, 510 F. App'x 581 (9th Cir. 2013), without any explanation for why he claims that this case excuses the exhaustion requirement. Notably, Arredondo-Virula had no occasion to address the topic of exhaustion. Indeed, there is no indication in the opinion that the Arredondo-Virula petitioner failed to exhaust the administrative remedies. Thus, it is unclear why Petitioner contends that Arredondo-Virula demonstrates that exhaustion would have been futile in his case.

The Court surmises that Petitioner contends that because the Arredondo-Virula Court determined that DHO Logan lacked authority to impose the discipline suffered by that inmate, that he thinks he should be excused from exhausting administrative remedies in his case. Assuming this is the case, the Court disagrees.[2,3]

---

[2] Notably, several cases which raised similar claims have been dismissed because the BOP has now employed a "staff-member" DHO to re-hear discipline cases arising out of TCI. See Palacios v. Benov, 2014 WL 2574787 (E.D. Cal. June 9, 2014); Gonzalez v. Benov, 2014 WL 2524207 (E.D. Cal. June 4, 2014). Thus, the Court is not convinced that appeal is futile.

5

**A.     Petitioner failed to exhaust his claim related to the 2008 discipline by failing to appeal to the National Inmate Appeals Administrator**

As to the discipline imposed in June 2008, Petitioner failed to file an appeal to the National Inmate Appeals Administrator within 30 days of the appeal to the Privatization Management Brach. Instead, he waited until April 2013 to do so. The fact that Petitioner waited until 2013 to file his third-level appeal does not render exhaustion futile. In Stock West Corp. v. Lujan, 982 F.2d 1389, 1394 (9th Cir.1993), the Court prohibited a finding of futility in these circumstances when it held, "Unless we limit the scope of Stock West's case as it presently stands, any party could obtain judicial review of initial agency actions simply by waiting for the administrative appeal period to run and then filing an action in district court." Thus, the failure to timely appeal to the National Inmate Appeals Administrator means that Petitioner did not exhaust his administrative remedies. Brockett v. Parks, 48 F. App'x 539, 541 (6th Cir. 2002) (failure to complete all appeal levels demonstrates plaintiff did not exhaust his administrative remedies.) Thus, the Court recommends the petition be **DENIED** as to this disciplinary proceeding.

**B.     Petitioner failed to exhaust his claim by raising the issue of the authority of the DHO during the administrative process**

On August 30, 2010, the National Inmate Appeals Administrator denied Petitioner's appeal related to the discipline imposed in 2010. (Doc. 14-1 at 52-53) However, at no point in the appeal process did Petitioner challenge the authority of the DHO Logan to conduct the hearing. Id. As a result, the Court concludes that Petitioner failed to preserve this issue for review. Bell v. Davis, 2009 WL 1396261 (D. Colo. May 15, 2009) ("A prisoner must exhaust all administrative remedies on his asserted habeas claims prior to seeking federal court relief."); Milton v. Ray, 301 F. App'x 130, 133 (3d Cir. 2008). As a result, the Court also recommends the petition be **DENIED** as to this disciplinary proceeding.

///

---

[3] In any event, here the evidence shows that Logan did not *impose* the discipline. Instead, he merely *recommended* the discipline and, after independent review by the BOP's DHO, the BOP's DHO imposed the discipline. (Doc. 14-1 at 4, 35-36, 38-39, 40, 42)

### IV. Findings and Recommendation

It is undisputed that Petitioner failed to exhaust the available administrative remedies; Petitioner fully admits this. (Doc. 1 at 3)  Moreover, though asserting that exhaustion would have been futile, Petitioner fails to provide any factual support for this claim.  Even more, he fails to offer any explanation as to why he believes exhaustion was futile.  Thus, the Court finds Petitioner has failed to meet his burden of establishing he was excused from exhausting his claim.  Based upon the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days of the date of service of these findings and recommendations, any party may file and serve written objections with the Court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the Objections shall be filed and served within 14 days of the date of service of the Objections.  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 3, 2014**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE